UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA, )
)
)
PLAINTIFF, )
)
VS ) CASE NO. 5:07-CR-117-2-BR
)
)
MICHAEL YOUNG, )
)
DEFENDANT. )

EX PARTE HEARING

MAY 4, 2009

HONORABLE WILLIAM A. WEBB, PRESIDING

APPEARANCES:

MR. SAMUEL J. RANDALL
ATTORNEY AT LAW
(FOR THE DEFENDANT)

SHARON K. KROEGER, COURT REPORTER
MACHINE SHORTHAND REPORTER, COMPUTER AIDED TRANSCRIPTION

THE COURT: THIS IS THE TIME FOR THE HEARING ON THE DEFENDANT'S MOTION IN THE CASE OF UNITED STATES OF AMERICA VERSUS MICHAEL YOUNG.

MR. RANDALL, ONE OF THE THINGS THAT WOULD HAVE BEEN HELPFUL IN YOUR MOTION IS IF YOU HAD CITED THE AUTHORITY THAT PERMITS A JUDGE TO APPOINT A SECOND ATTORNEY. I FOUND IT, BUT I SHOULDN'T HAVE HAD TO LOOK.

JUDGE BRITT HAS ASKED ME TO MAKE A RECOMMENDATION TO HIM WHETHER WE SHOULD GRANT YOUR MOTION, AND I WOULD LIKE TO GO THROUGH A COUPLE OF THINGS WITH YOU AND THEN GIVE YOU A CHANCE TO PUT ANYTHING THAT YOU WANT ON THE RECORD.

MR. RANDALL: YES, YOUR HONOR.

THE COURT: WOULD YOU DESCRIBE YOUR LAW FIRM? THAT IS, HOW MANY EMPLOYEES AND WHAT TYPES -- AND YOU CAN REMAIN SEATED THROUGHOUT THIS.

MR. RANDALL: YES, SIR. I AM A SOLE PRACTITIONER. MY OFFICE IS A CORPORATION; HOWEVER, IT'S JUST MYSELF AS AN ATTORNEY AND I HAVE A SECRETARY.

THE COURT: WHAT WAS THE DATE ON WHICH YOU WERE APPOINTED?

THE DEFENDANT: I BELIEVE IT WAS BACK IN DECEMBER OF '08. I AM NOT EXACTLY SURE.

THE COURT: WHEN DID YOU FIRST MEET WITH YOUR CLIENT?

MR. RANDALL: IT WOULD HAVE BEEN SHORTLY AFTER MY APPOINTMENT.

THE COURT: HOW MANY MEETINGS HAVE YOU HAD WITH HIM?

MR. RANDALL: PROBABLY HAD AT LEAST 15 MEETINGS THUS FAR.

THE COURT: TITLE 18 UNITED STATES CODE SECTION 3006(A)(E)(1) PERMITS AN ATTORNEY WHO IS APPOINTED TO REPRESENT AN INDIGENT CLIENT TO APPLY FOR INVESTIGATIVE EXPERT OR OTHER SERVICES. HAVE YOU AVAILED YOURSELF OF THAT PROVISION?

MR. RANDALL: YOUR HONOR, UP TO THIS POINT WE HAVEN'T NEEDED AN INVESTIGATOR. I HAVE STILL BEEN GOING THROUGH JUST VOLUMINOUS BOXES OF DISCOVERY. WE REQUESTED AND RECEIVED THE TRIAL TRANSCRIPT FROM THE CO-DEFENDANTS TRIAL. WE HAVE BEEN GOING THROUGH THAT JUST TRYING TO GET A HANDLE ON IT.

IF I MAY BRIEFLY DESCRIBE THE CASE --

THE COURT: I AM GOING TO GIVE YOU A CHANCE TO SAY WHATEVER YOU WANT TO SAY, BUT THERE ARE SOME THINGS --

MR. RANDALL: YES, SIR.

THE COURT: SO YOU HAVE NOT ASKED FOR EXPERTS OR ANYBODY AND YOU DON'T FEEL YOU NEED AN EXPERT TO HELP YOU WITH THE MATERIALS; THAT IS, ACCOUNTANTS OR FORENSIC

ACCOUNTANTS OR ANY OF THIS SORT?

MR. RANDALL: PROBABLY NOT A FORENSIC ACCOUNTANT, NO, YOUR HONOR. AT SOME POINT, WE MAY NEED AN INVESTIGATOR TO HELP ASSIST LOCATE A FEW WITNESSES. THERE ARE WITNESSES IN THE STATE OF CALIFORNIA, WASHINGTON, D.C., AND OTHER PLACES.

THE COURT: BUT AS TO NOW, YOU HAVE NOT MADE ANY REQUEST FOR ANY SERVICES?

MR. RANDALL: NO, SIR.

THE COURT: HAVE YOU FINISHED YOUR REVIEW OF THE TRIAL TRANSCRIPT OF THE TRIAL OF THE CO-DEFENDANTS?

MR. RANDALL: YES, SIR.

THE COURT: HAVE YOU REVIEWED THE EXHIBITS FROM THAT CASE; THAT IS, WHAT THE GOVERNMENT ACTUALLY INTRODUCED INTO EVIDENCE?

MR. RANDALL: I HAVE REVIEWED A PORTION OF IT, YES, SIR.

THE COURT: IN YOUR -- LET'S START WITH THE CASE THAT IS COMING UP SHORTLY. WERE YOU APPOINTED OR RETAINED IN THE FIRST DEGREE MURDER TRIAL IN THE STATE COURT THAT YOU HAVE RECENTLY COMPLETED?

MR. RANDALL: YOUR HONOR, THAT WAS AN APPOINTED CASE.

THE COURT: WERE YOU APPOINTED BEFORE OR AFTER YOUR APPOINTMENT OF THIS CASE?

MR. RANDALL: BEFORE.

THE COURT: YOU MENTIONED IN THE MOTION THAT YOU HAVE HAD OTHER CAPITAL CASES OR MURDER CASES COMING UP; IS THAT CORRECT?

MR. RANDALL: IF I CAN CLARIFY, NOT OTHER CAPITAL CASES, YOUR HONOR. ON MONDAY NEXT WEEK, I START A STATE COURT DRUG TRAFFICKING CASE. THAT ONE AGAIN IS AN APPOINTED CASE.

THE COURT: WAS IT APPOINTED BEFORE OR AFTER THIS CASE?

MR. RANDALL: IT WAS BEFORE THIS CASE.

THEN ON JUNE 1, I AM SCHEDULED TO START A MATTER BEFORE JUDGE BRITT, UNITED STATES VERSUS HENRY BLAKE, JR. THAT IS A MORTGAGE FRAUD CASE. I BELIEVE I WAS APPOINTED ABOUT THE SAME TIME AS MR. YOUNG, PERHAPS AFTER MR. YOUNG'S CASE.

AND THEN THE THIRD CASE IS UNITED STATES VERSUS MR. DANIEL TARAZAR BEFORE THE HONORABLE JUDGE FOX WHICH IS ANOTHER DRUG TRAFFICKING CASE.

ALL THREE WERE APPOINTED.

THE COURT: I GUESS THE ONLY QUESTION I WOULD ASK IS IN RETROSPECT DO YOU STILL CONSIDER IT WISE TO HAVE ACCEPTED ALL OF THESE CASES GIVEN THE LIMITATIONS OF YOUR LAW FIRM?

MR. RANDALL; WELL, YOUR HONOR, MR. YOUNG'S

CASE, UP UNTIL THIS POINT -- AND WE HAVE UNTIL WEDNESDAY FOR HIM TO ACCEPT AN OFFER THAT HAS BEEN EXTENDED TO HIM -- I REASONABLY BELIEVED THAT ALL OF THESE COULD HAVE BEEN HANDLED AND I STILL BELIEVE THAT THEY CAN BE HANDLED. THE PROBLEM IS THIS. WITH THE BUDGET OF THE STATE AND THE NUMBER OF FEDERAL CASES I HAD DONE BEFORE, I AM STILL AWAITING PAYMENT ON A NUMBER OF PANEL CASES AND A NUMBER OF STATE COURT CASES.

THE COURT: HOW WOULD THAT HAVE MADE A DIFFERENCE IN THIS CASE?

MR. RANDALL: IF THIS CASE GOES TO TRIAL, IT WILL BE PROBABLY A TWO WEEK JURY TRIAL. PREPARATION FOR THAT IS PROBABLY GOING TO TAKE FOUR STRAIGHT WEEKS OF NOTHING BUT MR. YOUNG'S CASE. SO THAT, IN ESSENCE, CLOSED MY PRACTICE FOR SIX WEEKS WHERE I STILL HAVE THE SECRETARY TO DEPEND ON GETTING PAID. I WOULDN'T BE ABLE TO GENERATE ANY OTHER INCOME. THE PAYMENT FOR MR. YOUNG'S CASE, EVEN IN THE BEST CASE, IF HE WERE FOUND NOT GUILTY, WOULD THEN STILL NOT COME, BECAUSE IT WOULD NEED TO GO TO THE FOURTH CIRCUIT FOR PERHAPS MONTHS WHICH, AGAIN, I WOULD HAVE LAG TIME THERE.

AN ALTERNATIVE TO APPOINTING AN ADDITIONAL COUNSEL, YOUR HONOR, COULD BE AN INTERIM PAYMENT. IN LOOKING AT THE CJA GUIDELINES, THAT MIGHT BE AN APPROPRIATE ALTERNATIVE.

THE COURT: WELL, HOW WOULD THINGS CHANGE WITH A CONTINUANCE WITH RESPECT TO FOUR WEEKS PREPARATION IF YOUR CLIENT DOES NOT ACCEPT THE GUILTY PLEA AND WOULDN'T YOU ALWAYS BE IN THE SAME POSITION? YOU WOULD HAVE FOUR WEEKS THAT YOU WOULD HAVE TO PREPARE.

MR. RANDALL: YES, SIR. WITH AN ADDITIONAL -- WITH AN ADDITIONAL COUNSEL, WE COULD SPLIT THE WORK UP, THUS ALLOWING ME TO CONTINUE GENERATING INCOME FOR MY OFFICE. OR, WITH THE INTERIM PAYMENTS, I WOULD BE ABLE TO STILL HAVE AN INCOME STREAM WHILE SOLELY DEVOTING MY PRACTICE TO MR. YOUNG'S CASE.

THE COURT: I TOLD YOU EARLIER I WOULD ALLOW YOU A CHANCE TO SAY ANYTHING YOU WANT TO SAY.

MR. RANDALL: YES, SIR.

THE COURT: AND THIS IS THAT OPPORTUNITY.

MR. RANDALL: YES, YOUR HONOR. JUST BRIEFLY FOR THE COURT, MR. YOUNG'S CASE STEMS FROM A COMPANY ENTITLED MOBILE BILLBOARDS OF AMERICA. IT'S ALLEGED THAT MOBILE BILLBOARDS OF AMERICA, ITS SUBSIDIARIES, AND VARIOUS OTHER SUBCORPORATIONS, I GUESS IS THE BEST WAY TO DESCRIBE IT, TARGETED SENIOR CITIZENS TO INVEST IN OUTDOOR ADVERTISING.

AS A RESULT OF THAT, IT'S ALLEGED THAT THEY HAVE COMMITTED ABOUT 70 MILLION DOLLARS WORTH OF FRAUD. THE GOVERNMENT, IN THEIR TRIAL WITH THE CO-DEFENDANTS,

LASTED ABOUT THREE WEEKS. MR. YOUNG WAS IN THE UNITED ARAB EMIRATES AT THAT TIME AND FAILED TO APPEAR. THAT'S THE SECOND INDICTMENT AGAINST HIM FOR THAT.

IN GOING THROUGH THE MATERIALS, THERE ARE AT LEAST SIX CORPORATIONS AND HOW THEY INTERACT, AND IT HAS TAKEN AWHILE TO JUST KIND OF GRASP WHAT IT WAS THEY WERE DOING AND HOW THE FRAUD ITSELF CAME INTO BEING.

AS I SAID, THERE ARE A NUMBER OF DOCUMENTS. THERE ARE PROBABLY 50 BOXES OF JUST LIMITED RELEVANT MATERIAL, BUT WE SILL HAVE TO GO THROUGH THEM TO MAKE SURE THAT THERE IS NOTHING IN THERE THAT COULD HELP MR. YOUNG.

HIS POSITION OF THE CORPORATION WAS THAT OF THE PRESIDENT. HE WAS ALSO THE ADMINISTRATIVE OFFICER OF THIS TRUST THAT WAS SET UP. AT THE TRIAL, ONE OF THE CO-DEFENDANTS WAS FOUND NOT GUILTY. THAT WAS MR. BARRY MALONEY. I HAVE BEEN IN CONTACT WITH HIS COUNSEL TO SEE WHAT, IF ANYTHING, MAY BE -- THEY MAY BE ABLE TO DO TO ASSIST IN MR. YOUNG'S DEFENSE. HOWEVER, THEY HAVE BEEN UNWILLING TO ASSIST OR SHED LIGHT ON ANYTHING THAT THEY MAY POSSESS.

I HAVE TRIED TO BUDGET MY TIME TO MR. YOUNG'S CASE AS BEST AS POSSIBLE THROUGHOUT MY REPRESENTATION, SPENDING WEEKENDS REVIEWING MATERIALS, JUST EVERYTHING I CAN. IT HAS GOTTEN TO THE POINT WHERE IF WE ARE GOING TO

TRIAL, AS I INDICATED, IT WOULD BASICALLY TAKE OVER MY ENTIRE PRACTICE.

THE COURT: ASSUMING YOU WERE GOING TO TRIAL AND ASSUMING THAT JUDGE BRITT WERE WILLING TO GRANT A CONTINUANCE AFTER THE APPOINTMENT OF A SECOND ATTORNEY, HOW MUCH TIME WOULD YOU NEED?

MR. RANDALL: WELL, YOUR HONOR, AT THIS POINT, I ANTICIPATE IF WE WERE ALLOWED A SECOND ATTORNEY, I AM NOT NECESSARILY SURE THAT WE WOULD NEED A CONTINUANCE.

THE COURT: WELL, ARE YOU REPRESENTING THAT YOU NOW --

MR. RANDALL: I MEAN, THAT IS MY HOPE. MY HOPE IS TO NOT STRETCH THIS OUT. THE CASE HAS BEEN GOING ON NOW -- THE CO-DEFENDANTS LAST --

THE COURT: BUT YOUR CLIENT WAS A FUGITIVE.

MR. RANDALL: YES, SIR.

THE COURT: SO THIS CASE HASN'T STRETCHED OUT AS TO HIM EXCEPT AS WITH RESPECT TO HIS FAILURE TO --

MR. RANDALL: YES, SIR.

THE COURT: -- TO MAKE HIMSELF AVAILABLE AS HE PROMISED WHEN I RELEASED HIM.

MR. RANDALL: YES, SIR.

THE COURT: I KNOW ONE OF THE THINGS JUDGE BRITT IS GOING TO BE CONCERNED ABOUT IS IF, IN FACT, A SECOND ATTORNEY IS APPOINTED, WILL THAT OBVIATE THE NEED

FOR A CONTINUANCE.

WHEN IS THE CASE SET FOR TRIAL CURRENTLY?

MR. RANDALL: I BELIEVE IT'S PEREMPTORILY SET FOR THE 7TH OF JULY.

THE COURT: SO THERE IS, IN FACT, ENOUGH TIME TO PREPARE A CASE IF AN ATTORNEY IS NEEDED OR AS IT'S SCHEDULED.

MR. RANDALL: YES, YOUR HONOR. THAT WAS MY HOPE, THAT BY DOING AT THIS POINT, MY HOPE IF THAT WE RESOLVE THIS CASE BY WAY OF PLEA, THUS MOOTING THE ISSUE ENTIRELY.

HOWEVER, IF NOT, WITH THE ASSISTANCE OF AN ADDITIONAL ATTORNEY, I WOULD HOPE WE COULD GET EVERYTHING PREPARED SO THAT WE WOULD NOT HAVE TO MOVE TO CONTINUE THE JULY 7 DATE.

THE COURT: I AM LOOKING FOR THE DATE YOU WERE ACTUALLY APPOINTED SO I COULD PUT THAT ON THE RECORD. LET'S SEE. BRIDGETT AGUIRRE FILED A MOTION TO WITHDRAW ON NOVEMBER 20, 2007. THAT MOTION WAS DENIED WITHOUT PREJUDICE ON NOVEMBER 27, 2007.

I AM SURE THERE IS AN EASIER WAY TO DO THIS. I JUST DON'T KNOW.

ON JANUARY 7, 2008, MS. AGUIRRE RENEWED HER MOTION TO WITHDRAW AND THAT MOTION WAS GRANTED BY JUDGE BRITT. THERE WAS AN ORAL MOTION AND IT WAS GRANTED THE

SAME DAY.

THE PUBLIC DEFENDER WAS APPOINTED ON NOVEMBER 7, 2008. AND YOU WERE APPOINTED OR ENTERED A NOTICE OF APPEARANCE ON NOVEMBER 10, 2008.

MR. RANDALL: YES, YOUR HONOR.

THE COURT: UNLESS THERE IS SOMETHING ELSE YOU WOULD LIKE TO PUT ON THE RECORD, I THINK THAT PRETTY MUCH GIVES ME EVERYTHING I NEED TO DO A MEMORANDUM AND RECOMMENDATION TO JUDGE BRITT.

MR. RANDALL: THANK YOU.

THE COURT: THANK YOU. WE'LL STAND IN RECESS.

(WHEREUPON, THE PROCEEDINGS WERE ADJOURNED.)

CERTIFICATE

THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF PROCEEDINGS TAKEN IN THE UNITED STATES DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE SHORTHAND NOTES OF THE PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

DATED THIS 4TH DAY OF MAY, 2009.

__________________________
/S/ SHARON K. KROEGER
COURT REPORTER